**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2020[*]
Decided May 20, 2020

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-2621

| | |
|---|---|
| JOHN DAN BUMPHUS, JR., | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 16-CV-312-SMY-GCS |
| | |
| UNIQUE PERSONNEL | Staci M. Yandle, |
| CONSULTANTS, et al., | *Judge.* |
| *Defendants-Appellees*. | |

## O R D E R

John Bumphus, Jr., seeks to contest the rejection of his claims for wrongful termination. After the district court entered its final judgment, Bumphus did not promptly appeal. Instead, he filed a motion under Federal Rule of Civil Procedure 60(b), which the district court denied, precipitating this appeal. We review only the district

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

court's denial of that Rule 60(b) motion and, because the court reasonably decided that the motion did not warrant disturbing the underlying judgment, we affirm.

Bumphus applied to UniQue Personnel Consultants, a job-placement agency, in 2015. A few days later, he began work at a warehouse. Soon after, back pain prevented him from completing his work. He told supervisors about his back conditions—including spinal stenosis—and they told him to bring a doctor's note explaining his limitations, which he did. In response, the warehouse offered him a different position that paid less. Bumphus rejected the offer and did not return to the warehouse.

Bumphus sued UniQue and other defendants, and the case proceeded in two stages. In the first stage, the district court considered claims that Bumphus brought against defendants under Title VII of the Civil Rights Act of 1967, 42 U.S.C. § 2000e–5, the Age Discrimination in Employment Act, 42 U.S.C. § 621l, and under state law. The court ruled that Bumphus had failed to state valid claims under these laws, but it allowed to stand an additional claim, under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, against UniQue. Bumphus appealed from the order dismissing some of his claims, and this court ordered him to address whether it should dismiss his appeal for lack of a final judgment. In response, Bumphus moved to voluntarily dismiss the appeal. This court granted his motion and dismissed the appeal.

In the next stage, the district court granted UniQue's motion for summary judgment on the ADA claim and entered its final judgment. Bumphus did not appeal from that final judgment within the 30-day time limit. *See* FED. R. APP. P. 4(a)(1)(A). Instead, over 90 days after the entry of judgment, he moved for relief from the judgment under Federal Rule of Civil Procedure 60. The district court denied the motion, reasoning that Bumphus had not shown a clerical mistake in the judgment, *see* FED. R. CIV. P. 60(a), nor had he presented newly discovered evidence or shown any other exceptional reason for the court to grant relief under Rule 60(b).

On appeal, Bumphus devotes most of his brief to arguing that the district court erred when it dismissed for failure to state a claim his discrimination and state-law theories for relief. But the merits of that dismissal are not properly before us because Bumphus did not appeal from the district court's judgment within the required 30 days of its entry. *See* FED. R. APP. P. 4(a)(1)(A). Moreover, his Rule 60 motion, which he filed over 90 days from the entry of the judgment, did not toll the 30-day deadline to appeal. *See* FED. R. APP. P. 4; *Blue v. Int'l. Bhd. of Elec. Workers*, 676 F.3d 579, 583–84 (7th Cir.

2012). Therefore, Bumphus's appeal, which he filed within 30 days of the denial of his Rule 60 motion, is limited to the district court's denial of that post-judgment motion.

That brings us to the propriety of the denial of Bumphus's Rule 60 motion, which we review deferentially for abuse of discretion. *Dolin v. GlaxoSmithKline LLC*, 951 F.3d 882, 886 (7th Cir. 2020). Bumphus contends that the district court erred because he presented new evidence that the court had not previously considered before entering summary judgment for UniQue. Relief under Rule 60 based on "new" evidence is allowed only when the movant, using reasonable diligence, could not have discovered the evidence before judgment. *See* FED. R. CIV. P. 60(b)(2). Bumphus asserts that he did not have the evidence before judgment, but he does not say that he could not with diligence have acquired it sooner. Without such an assertion, the district court could permissibly deny the motion. *See Gleason v. Jensen*, 888 F.3d 847, 853 (7th Cir. 2018). Moreover, Bumphus has not refuted the district court's conclusion that his evidence merely duplicated what the court had already considered when ruling on the motion for summary judgment, and thus was not new. The court therefore properly denied Bumphus's post-judgment motion for relief.

We have considered Bumphus's remaining arguments, and none has merit.

AFFIRMED